[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 17, 1945 in Branford, Connecticut. Both parties have resided in Connecticut since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in CT Page 448946b-81 and 46b-82 Conn. General Statutes in reaching the decision reflected in the orders that follow.
The parties have been married for over 47 years. The plaintiff is 68 years old and in relatively good health. The defendant is 73 years old and has a variety of physical problems. The defendant is not in good health and has substantial medical expenses.
The plaintiff receives social security benefits of $289. per month. She has no other income. The defendant receives social security and Veterans pension totaling $1372. per month. He also has no other income.
The parties have a joint savings account of approximately $38,549. (First Federal Bank). The only other major asset of their marriage is the marital home and two adjoining parcels of land one of which may be a building lot. The property was appraised at from $125,600. (without including the non-buildable rear parcel) to $164,000. For the three parcels of property. There is no mortgage on the property. The marital home has 1292 square feet and consists of five rooms. The adjoining parcel to the rear of the home may be a non-buildable lot due to its high water content. The parties have lived in this home for approximately 47 years. The defendant worked throughout the marriage. The plaintiff took on the traditional role of homemaker devoting herself to her 2 children and husband. The parties also cared for their handicapped granddaughter for approximately 14 years. The plaintiff also involved herself in crafts and took in ironing.
Unfortunately the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The court has carefully considered the criteria set forth in Conn. General Statutes 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow:
A. Real Estate
1. As an assignment of property, the defendant shall pay to the plaintiff the sum of $65,000. no later than September 15, 1993. Simultaneously with the payment of this lump sum award, the plaintiff shall convey to the defendant her entire interest CT Page 4490 in the marital property located at #36 Aceto Street, Branford, Connecticut and 3 Village Green Court, Branford, Connecticut.
2. If the defendant is unable to pay the award, the property at 36 Aceto Street and 3 Village Green Court, Branford, Connecticut, shall be immediately placed on the market and shall be sold forthwith. After the payment of the Real Estate Commission and fee and usual closing costs, the net proceeds shall be equally divided between the parties. The court reserves jurisdiction as to any disputes arising in reference to the sale of the property.
3. Until the real estate is sold the defendant shall be responsible for the real estate taxes, insurance and maintenance and repairs on the property and shall hold the plaintiff harmless from any liability thereon.
4. In the event the parties are unable to agree on a listing price for the sale of the property, then each party shall select a real estate agent and the two real estate agents shall chose a 3rd real estate agent whose decision as to a listing price shall be binding on the parties.
B. Alimony
Commencing June 1, 1993 the defendant shall pay to the plaintiff as periodic alimony the sum of $472. per month until the plaintiff dies, the defendant dies or the plaintiff remarries. The defendant shall continue to pay the pendente lite order until June 1, 1993.
C. Other Property
1. The parties shall equally divide the First Federal Savings Bank account in the approximate amount of $38,549.
2. Each party shall be entitled to their respective checking accounts and savings accounts.
3. The parties shall equally divide the coins they presently have in their respective possession.
D. Personal Property
1. The parties agreed that the plaintiff would be entitled CT Page 4491 to certain items on Exhibit 5 also noted as Schedule A and it is so ordered. In addition, thereto, the plaintiff shall be entitled to the following items:
a. Daybed with sheets, blankets, spreads, pillows and matching drapes;
b. Plaintiffs chair from the living room;
c. Gate leg table and lamp on table;
d. China Closet in cellar (and dolls);
e. Cedar chest;
f. Crocheted towels and face cloths and quilting material;
g. One-half of the linens and towels;
h. plaintiff's craft items;
i. Pot belly stove with plant.
E. Counsel Fees
Each party shall pay their own respective counsel fees.
F. Life Insurance
The defendant shall maintain his current life insurance policy naming the plaintiff as beneficiary thereon for so long as the defendant has an obligation to pay alimony. This provision shall be modifiable.
Barbara A. Coppeto, Judge